BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-cr-00051-BR-17 |
| v. | **GOVERNMENT'S SENTENCING MEMO** |
| **BLAINE COOPER,** | |
| Defendant. | Sentencing Date: June 12, 2018<br>11:00 a.m. |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight and Geoffrey A. Barrow, Assistant United States Attorneys, submits this memorandum for defendant Blaine Cooper's sentencing, which is currently set for Tuesday, June 12, 2018, at 11:00 a.m.

/ / /

/ / /

I.   **SENTENCING RECOMMENDATION**

The government recommends that the Court impose a sentence of time served on Count 1 (18 U.S.C. § 372), a three-year period of post-prison supervision, and a $100 assessment. The Court previously entered an Order setting forth the terms of restitution imposed in connection with the conviction for this offense. (ECF No. 2259.)

II.  **BACKGROUND**

After extensive pretrial litigation and two jury trials, the Court is well aware of the facts surrounding the occupation of the Malheur National Wildlife Refuge ("MNWR") from January 2 through February 11, 2016. The background is accurately set forth in paragraphs 1p to 24 of the Presentence Investigation Report ("PSR"). Paragraphs 18 to 22 of the PSR focus on defendant Cooper's involvement in the conspiracy.

Defendant traveled from his home in Arizona to Harney County, Oregon, well before the occupation began. On December 26, 2015, defendant appeared in an Internet "call out" video with codefendants Joseph O'Shaughnessy, Jason Patrick, and Jon Ritzheimer. *See* Gov't Trial Ex. 33. In the video, defendant introduces O'Shaughnessy, Patrick, and Ritzheimer. *Id.* The group called on like-minded "patriots" to come to Burns on January 2, 2016. *Id.* Cooper implored listeners that it was a "Call to Action" to "stand up and make that stand and make your voices heard." *Id.*

On December 29, 2015, defendant attended a meeting with Ammon Bundy, Ryan Payne, Joseph O'Shaughnessy, Corey Lequieu, Jason Patrick, and others where Bundy announced his plan to stage an armed takeover of the Malheur National Wildlife Refuge. Trial Tr. 1515-17,

/ / /

Feb. 27, 2017.  In the meeting, they discussed the possibility of encountering employees at the Refuge and "ask[ing] them to leave politely" at gunpoint.  Trial Tr. 1516-17, Feb. 27, 2017.

On Saturday, January 2, 2016, defendant was with the very first convoy of vehicles carrying individuals to forcibly take over the MNWR.  This initial group of occupiers quickly cleared the government buildings, blocked the front gate, and established armed guards in the fire watchtower and at the entrances to the Refuge.

Once the occupiers had secured the Refuge, Cooper published multiple videos and messages to his social media accounts to recruit others to join the occupation.  PSR ¶¶ 18-19.  On January 11, 2016, Cooper used his Facebook account to distribute a video of him and his coconspirators taking down a section of fence on the MNWR.  PSR ¶ 20.

Cooper left the Refuge on January 27, 2016.  He was arrested on February 11, 2016, in Utah.

On March 8, 2016, the grand jury returned a Superseding Indictment charging defendant with Conspiracy to Impede Officers of the United States from Discharging Their Duties Through the Use of Force, Intimidation, or Threats in violation of Title 18, United States Code, Section 372 (Count 1).

On July 6, 2016, defendant Cooper pleaded guilty under Rule 11(c)(1)(B) to Count 1 of the Superseding Indictment.  (ECF No. 849).

/ / /

/ / /

/ / /

/ / /

### III.   ADVISORY SENTENCING GUIDELINE CALCULATION

Pursuant to the terms of the plea agreement, there are no disputed guideline issues for the Court to resolve.

#### A.   Offense Conduct

##### 1.   Base Offense Level

The Base Offense Level is 10 pursuant to U.S.S.G. § 2A2.4(a).  *See* PSR ¶ 30.

##### 2.   Possession and Use of a Dangerous Weapon U.S.S.G. § 2A2.4(b)(1)(B)

Pursuant to U.S.S.G. § 2A2.4(b)(1)(B), a three-level increase applies because "a dangerous weapon (including a firearm) was possessed and its use was threatened." The occupation depended on firearms to secure the Refuge and maintain control of the compound. The parties have agreed that a firearms adjustment applies. (ECF No. 852). With the three-level increase, the Base Offense Level is 13.  PSR ¶ 30.

#### B.   Adjustments

##### 1.   Upward Departure

Because the offense in this case "was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct," an upward departure applies under Application Note 4 to U.S.S.G. § 3A1.4. The parties jointly agree that a five-level upward departure applies to this case. (ECF No. 852).

Defendant has a Total Offense Level of 18.

##### 2.   Acceptance of Responsibility

Pursuant to U.S.S.G. § 3E1.1, defendant is entitled to a three-level downward adjustment for acceptance of responsibility.

### 3. Early Disposition

The parties jointly recommend that the Court apply a three-level downward variance under 18 U.S.C. § 3553(a) in light of the defendant's early disposition of a complex case.

### C. Criminal History

Defendant has prior convictions for disorderly conduct and domestic violence. He also pleaded guilty to conspiracy for his role in the armed standoff with the federal government in Bunkerville, Utah, in April of 2014. He has four criminal history points and is in Criminal History Category III.

### D. Joint Sentencing Recommendation

Under the advisory guidelines, defendant is at Total Offense Level 12, Criminal History Category III for a suggested guideline range of 15 to 21 months' incarceration. Pursuant to the Plea Agreement, the parties are jointly recommending a sentence of time served. The government had previously agreed to recommend a sentence at the low-end of Offense Level 12 (i.e., 15 months); however, defendant has already served more than 15 months in custody between both this case and his Nevada case. The government believes that a sentence of time served, followed by three years of supervised release, is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a).

## IV. RESTITUTION

Defendant Cooper has previously stipulated to a $7000 restitution order in this case. *See* ECF No. 2259.

/ / /

/ / /

## V. CONCLUSION

For the reasons stated above, the government recommends the Court impose a sentence of time served. This is an appropriate, reasonable sentence that adequately addresses the objectives of sentencing set forth at 18 U.S.C. § 3553(a) and defendant's conduct in the underlying case.

Dated: June 6, 2018

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Ethan D. Knight*
ETHAN D. KNIGHT, OSB #992984
GEOFFREY A. BARROW
Assistant United States Attorneys